## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

JAMES HUYNH,                      \*

       **Plaintiff,**                  \*

**v.**                              Case No.: GJH-14-1625

                                     \*

**KODZO MASSENYA, *ET AL.*,**

                                     \*

       **Defendant.**

                                     \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's James Huynh's Motion to Appoint a Post-Judgment Examiner, which requests discovery in aid of execution as permitted by Md. Rule 2-633. ECF No. 53. No hearing is necessary. For the following reasons, Plaintiff's request for appointment of a post-judgment examiner is granted.

As the Court has previously summarized in much greater detail, Huynh claims that the Defendants conned him out of $880,000 by promising him that they could double any money he gave them by lawfully printing additional currency. *See* ECF No. 48 at 1–6. Three of the Defendants were dismissed from the action, ECF Nos. 36, 37; the Court granted default judgment in Huynh's favor against Defendant Kodzo Massenya, ECF No. 41; and on February 26, the Court awarded Huynh damages in the amount of $880,000, ECF No. 49.

Fed. R. Civ. P. 69(a)(2) provides that, "[i]n aid of the judgment . . . , the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." The governing state procedure, Md. Rule 2-633(a), provides that "[a] judgment creditor may obtain discovery to aid enforcement of a money

judgment (1) by use of depositions, interrogatories, and requests for documents, and (2) by

examination before a judge or an examiner as provided in section (b) of this Rule." Section (b)

provides:

> [O]n request of a judgment creditor, filed no earlier than 30 days after entry of a money judgment, the court where the judgment was entered or recorded shall issue an order requiring the appearance for examination under oath before a judge or person authorized by the Chief Judge of the Court to serve as an examiner of (1) the judgment debtor, or (2) any other person who may have property of the judgment debtor, be indebted for a sum certain to the judgment debtor, or have knowledge of any concealment, fraudulent transfer, or withholding of any assets belonging to the judgment debtor. The order shall specify when, where, and before whom the examination will be held and that failure to appear may result in the person served being held in contempt.

Md. Rule 2-633(b). Following this procedure, Huynh, the judgment creditor, requested on July 9,

2018 an examination of Defendant Massenya, the judgment debtor, more than 30 days after entry

of the money judgment—the February 26, 2018 order granting Plaintiff $880,000 in damages.

It is thus **ORDERED** by the United States District Court for the District of Maryland

that:

1) Plaintiff's Motion for Appointment of an Examiner, ECF No. 53, is **GRANTED**;

2) Defendant Massenya shall appear for an examination under oath before this Court. Huynh may seek discovery, through interrogatories, document production requests, and a deposition, from Massenya during the next ninety (90) days. Massenya shall have thirty (30) days to respond to Huynh's interrogatories or document production requests. Further, following discovery, Hunyh shall file a status report within one hundred and twenty (120) days of the date of this Memorandum Opinion and Order. If an examination under oath before a judge remains necessary at that time, the Court will issue an order specifying "when, where, and before whom the examination will be held and that failure to appear may result in the person served being held in contempt"; and

3) Plaintiff shall serve a copy of this Memorandum and Order on Defendant Massenya.


Date: <u>October  17, 2018</u>                                    ____/s/_____
                                                                                  GEORGE J. HAZEL
                                                                                  United States District Judge